UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LUANNE HUNTINGTON,
              Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
              Agency.

DOCKET NUMBER
DE-844E-14-0314-B-1

DATE: February 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LuAnne Huntington, Layton, Utah, pro se.

Linnette L. Scott, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the remand initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying her application for disability retirement. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's Fully Successful rating was not emblematic of her abilities to perform her duties under the specific circumstances of this case, we AFFIRM the remand initial decision.

¶2        As an initial matter, we find that the appellant has established good cause for her untimely filed petition for review. A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶3     The appellant asserts that she faxed her petition for review to the Board on November 3, 2016, before the November 7, 2016 deadline.[2]  Remand Petition for Review (RPFR) File, Tab 3 at 3, 9, Tab 4 at 3-4.  Although the appellant provided no further explanation as to why the Board did not receive a faxed petition for review on November 3, 2016, but did receive her petition for review 2 weeks later, she included another fax cover sheet that sheds some light on the matter.  That handwritten cover sheet includes the date of November 3, 2016, the Board's correct fax number, and the Board's correct phone number.  RPFR File, Tab 3 at 1.  Printed separately on the same sheet is a "Transaction Report," listing a date of "Nov/03/2016" and a "Receiver" that matches the Board's phone (not fax) number.  *Id.*  Therefore, it appears that the appellant attempted to file a timely petition but failed to do so due to her own clerical error in dialing the wrong number.  The "Transaction Report" does not clearly show whether the fax transmission was successful.  *Id.*

¶4     We recognize that the appellant is pro se and it appears that she tried to fax her petition to the Board's phone (not fax) number on November 3, 2016, before the filing deadline.  Ordinarily, such a mistake would result in an error message, indicating that the fax transmission was unsuccessful.  However, there is no indication on the "Transaction Report" that the fax transmission was unsuccessful.  Accordingly, under these unique circumstances, we find good cause to excuse the untimeliness of the appellant's petition for review.

---

[2] In addition to recognizing the appellant's untimeliness, the Acting Clerk observed that the appellant failed to serve her petition for review on the agency.  Remand Petition for Review (RPFR) File, Tab 2 at 1.  The Acting Clerk informed the appellant that the Board would serve the agency with a copy of the petition for review but warned that the appellant was responsible for serving the agency with any additional pleadings.  *Id.*  The appellant responded that she was under the impression she was only required to serve her petition for review on the Board.  RPFR File, Tab 3 at 9, Tab 4 at 3-4.  To the extent that the appellant construed the Acting Clerk's notice concerning timeliness as resulting from the appellant's failure to serve the agency, she is mistaken.  Her failure to serve the agency with the petition has no bearing on her untimeliness.

¶5        Furthermore, we find that the administrative judge did not err in cancelling the hearing on remand.  On review, the appellant does not deny that she withdrew her hearing request.  She does, however, assert that the administrative judge advised her that the hearing "would probably not help."  RPFR File, Tab 1 at 4-5. We are not persuaded.  The record demonstrates the administrative judge's willingness to hold a hearing.  *Id.*  Not only did the administrative judge approve the appellant's requested witnesses, he also indicated that he would issue subpoenas for those witnesses, if necessary.  *Id.*  In addition, he stated that he would take all reasonable steps to accommodate their schedules.  *Id.* Accordingly, to the extent that the appellant argues that the administrative judge erred by not holding a hearing, we disagree.

¶6        Finally, we conclude that the administrative judge properly affirmed OPM's reconsideration decision denying the appellant's application for disability retirement.  The appellant has not provided a basis on review for disturbing the administrative judge's decision in this regard.[3]  To the extent, however, that the administrative judge relied upon the appellant's Fully Successful performance rating in sustaining OPM's reconsideration decision, we modify the initial decision to find that the rating was not emblematic of the appellant's abilities to perform her duties under the specific circumstances of this case.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

---

[3] On July 21, 2022, the Board issued an order providing the appellant with the opportunity to submit evidence pertaining to her current employment or retirement status and any evidence relating to the issue of whether the appeal should be dismissed as moot.  RPFR File, Tab 5.  The appellant did not respond.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.